IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JILLANE L. POPE,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK and JP MORGAN CHASE BANK & COMPANY,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Case No. 2:23-cv-00086-JNP-DBP<br><br>District Judge Jill N. Parrish |

The court assumes that the parties are familiar with the procedural history of this case and recounts only those facts necessary to explain its decision here. On January 8, 2025, the court granted Plaintiff Jillane L. Pope's motion to reopen her case. The court's order directed her to timely file objections to the magistrate judge's December 2023 report and recommendation to dismiss her complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and explained that failure to timely file objections would result in the dismissal of her complaint with prejudice. Instead of filing objections to the report and recommendation, she filed an amended complaint, and the court dismissed her original complaint with prejudice accordingly.

Pope has now filed a motion requesting the court to consider her amended complaint and set out findings of fact and conclusions of law. Her motion invokes Rule 52, which provides that "[i]n an action tried on the facts without a jury . . . , the court must find the facts specially and state its conclusions of law separately." FED. R. CIV. P. 52(a). It allows the court to amend its findings or make additional findings on a party's motion filed within 28 days after the entry of judgment. *Id.* 52(b).

Pope's motion suffers from at least two flaws. First, judgment in the case has been entered, and the case is now closed. That means the court may entertain only a limited set of motions, such as a motion to alter or amend the judgment under Rule 59(e) (if it is filed within 28 days of the judgment being entered) or a motion seeking relief from the judgment under Rule 60 (if it is filed more than 28 days after judgment is entered). *See Nelson v. City of Albuquerque*, 283 F. Supp. 3d 1048, 1077–78 (D.N.M. 2017), *rev'd on other grounds*, 921 F.3d 925 (10th Cir. 2019); *Lofti v. Biggs*, No. 2:22-cv-00404, 2023 WL 2933082, at *1 (D. Utah Apr. 13, 2023). Pope's motion in substance is neither a motion to alter or amend judgment nor a motion seeking relief from judgment, so the court may not consider it.

Second, Pope's motion, grounded as it is in Rule 52, assumes that this case has been tried, but no trial has taken place because the court has dismissed her complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Put differently, the court has determined that even if Pope could prove all the allegations in her complaint, she would not be entitled to relief. ECF Nos. 31, 49. So, the case presents no issues requiring a trial, and without a trial, Rule 52's requirement that the court set out its findings of fact and conclusions of law does not kick in.

Finally, a word about Pope's amended complaint. After the court initially dismissed her complaint for failure to state a claim under Rule 12(b)(6) without prejudice, Pope was entitled to file her amended complaint. Rather than filing her amended complaint then, she filed a motion to reopen her case, which the court granted out of concern that Pope did not get a meaningful opportunity to object to the magistrate judge's report and recommendation to dismiss her case without prejudice. When the court granted her motion, however, it directed her to timely file her objections to the December 2023 report and recommendation, and explained that failure to do so

would result in dismissal with prejudice, meaning she would not be able to pursue the claims in her complaint any further. She did not file objections in response to the court's order, and her status as a pro se plaintiff does not relieve her from the obligations and effects of court orders.[1] *See Balensiefen v. Princeton Nat'l Bancorp., Inc.*, No. 10-cv-1263, 2012 WL 3113290, at *3 (C.D. Ill. July 10, 2012). The court is sympathetic to Pope's unfortunate situation as a victim of elder fraud, but she has not shown that she is entitled to relief under the law.

For the reasons above, the court **DENIES** Pope's motion for findings of fact and conclusions of law.

Signed March 3, 2025.

BY THE COURT

Jill N. Parrish
United States District Court Judge

---

[1] Pope observes that she previously filed objections to the December 2023 report and recommendation. True, but she filed those objections in response to the magistrate judge's October 2024 report and recommendation to deny her motion to reopen her case. The court recognized that she likely got confused between the two reports and recommendations, excused her failure to object to the October 2024 report, and invited her to timely file her objections to the December 2023 report. As explained above, she did not do so, instead filing an amended complaint.