IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JILLANE L. POPE,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK and JP MORGAN CHASE BANK & COMPANY,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN**<br><br>Case No. 2:23-cv-00086-JNP-DBP<br><br>Chief District Judge Jill N. Parrish |

Plaintiff Jillane L. Pope filed a motion to reopen her case, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 53. For the following reasons, the court DENIES the motion.

### BACKGROUND

On February 3, 2023, Plaintiff Jillane L. Pope, a victim of elder fraud, filed a pro se action against Defendants Wells Fargo Bank (where she had an account) and Chase Bank (where her scammer had an account). ECF No. 1. Her complaint was referred to Magistrate Judge Pead under 28 U.S.C. § 636(b)(1)(B). ECF No. 2. The Banks moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, and Pope timely responded to the motion. ECF Nos. 22, 25, 26, 27. On December 27, 2023, Judge Pead issued a report and recommendation that the motions to dismiss be granted. ECF No. 31. Pope did not file any objections to the report and recommendation, and the court adopted it in full on February 12, 2024, dismissing Pope's claims without prejudice. ECF Nos. 32, 33.

On March 8, 2024, Pope subsequently filed a motion to reopen her case, attributing her failure to file any objections to her never having received notice of the December 2023 report and recommendation. ECF No. 35. at 1. She claimed that she periodically called the clerk's office to check on the status of the motion and that the clerk's office told her on February 8, 2024—shortly before the court adopted Judge Pead's recommendation—that "nothing had been ruled on yet." *Id.* Within her motion to reopen, she also requested leave to file an amended complaint, aiming to rectify her prior pleadings. *Id.* at 2.

On October 7, 2024, Judge Pead recommended denying Pope's motion to reopen her case. ECF No. 37. Judge Pead noted that while pro se status affords Pope a liberal reading of her pleadings, it does not relieve her of the duty to comply with rules and procedures governing litigants and counsel. *Id.* at 2. Judge Pead also noted that the December 2023 report and recommendation (ECF No. 31) was sent to the same email address to which prior motions were sent. *Id.* Pope had timely responded to those. *Id.*

On November 8, 2024, Pope filed an objection. ECF No. 40. The objection, however, substantively addressed Judge Pead's earlier December 2023 report and recommendation, rather than the new October 2024 report and recommendation. *Id.* As noted, the December 2023 report and recommendation recommended granting the motions to dismiss and was adopted in full after Pope failed to timely object. ECF No. 32.

On January 8, 2025, the court granted Pope's request to reopen her case, rejecting the October 2024 report and recommendation and vacating the court's prior adoption of the December 2023 report and recommendation. ECF No. 41. The court noted that Pope's long-belated objection to the December 2023 report and recommendation was "[l]ikely due to some confusion on her part" as to which report and recommendation to respond to. *Id.* at 2. The court waived Pope's lack

2

of objections to the October 2024 report and recommendation and credited Pope's arguments that she lacked notice that the December 2023 report and recommendation was filed. Accordingly, the court ordered "Pope to file any objections to the December 2023 report and recommendation no later than 14 days of being served with a copy of [the] order." *Id.* at 5. The court explained that if Pope did not timely file objections, the court would reinstate its earlier memorandum decision and order and the accompanying judgment with one change: the court would dismiss her claims with prejudice, precluding further litigation of the claims at issue in this action.

Pope did not file any objections to the December 2023 report and recommendation within the 14-day period prescribed by the court. Instead, she filed an Amended Complaint. ECF No. 46. Because the Amended Complaint did not function as an objection to the report and recommendation, the court reinstated the earlier order adopting the December 2023 report and recommendation and dismissed Pope's claims with prejudice. ECF No. 49.

To close out the prior record, on March 3, 2025, the court denied a motion for findings of fact and conclusions of law filed by Pope. ECF No. 52.

Pope has now filed a new motion to reopen the case, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 53. Both Wells Fargo Bank and JP Morgan Chase Bank oppose the motion.

## LEGAL STANDARD

When a pro se plaintiff files a motion to reopen, the court should construe the motion liberally and treat it as a motion to alter or amend a judgment under Rule 59(e) (if it is filed within 28 days of the judgment being entered) or as a motion seeking relief from a judgment under Rule

60 (if it is filed more than 28 days after judgment is entered).[1] *See Nelson v. City of Albuquerque*, 283 F. Supp. 3d 1048, 1077–78 (D.N.M. 2017), *rev'd on other grounds*, 921 F.3d 925 (10th Cir. 2019); *Lofti v. Biggs*, No. 2:22-cv-00404, 2023 WL 2933082, at *1 (D. Utah Apr. 13, 2023).

Under Rule 59(e), the court may alter or amend the judgment if the movant shows (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent a manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Under Rule 60(b), a court may grant relief from a final judgment for a number of reasons, including "mistake, inadvertence, surprise, [ ] excusable neglect" or "any other reason that justified relief." Fed. R. Civ. P. 60(b)(1)–(6). Relief under Rule 60 is "extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (internal citation omitted).

## ANALYSIS

Pope brings the present motion to reopen pursuant to Rule 59(e), to alter or amend a judgment, and Rule 60(b), seeking relief from a judgment or order. The motion is properly considered as a Rule 60(b) motion. The Rule 59(e) motion is untimely filed, given the 50-day period between judgment and the instant motion. *See Nelson*, 283 F. Supp. 3d at 1077–78.

To support her Rule 60(b) motion, Pope asserts that her confusion as to what she needed to file constitutes excusable neglect or mistake under Rule 60(b)(1). Specifically, Pope states she was confused by the court's January 2025 ruling that ordered her to file objections to the December

---

[1] Much of the case law states the dividing line as 10 days, based on the pre-2009 Rule 59. *See, e.g.*, *United States v. Mack*, 502 F. App'x 757, 758 n.1 (10th Cir. 2012). As the instant motion was filed 50 days after the judgment, this distinction is not dispositive.

2023 report and recommendation within 14 days of the ruling. She claims that she believed her prior objection, filed November 8, was sufficient. This prior objection was supposed to address the October 2024 report and recommendation but substantively addressed the December 2023 report and recommendation. As Pope states: "Perplexed at having already submitted objections in good faith, in response, a Notice of Filing an Amended Complaint was filed . . . , followed by an Amended Complaint . . . ." ECF No. 53 at 3. This to her "seemed the best course," as filing the objections again appeared to be redundant to Pope. *Id.*; *see* ECF No. 56 at 2.

It is worth emphasizing that "although *pro se* litigants are given wide latitude, *pro se* litigants do not enjoy 'unbridled license to disregard clearly communicated court orders,' nor are they entitled to a general dispensation from the rules of civil procedure or court-imposed deadlines." *Balensiefen v. Princeton Nat. Bancorp, Inc.*, No. 10-CV-1263, 2012 WL 3113290, at *3 (C.D. Ill. July 10, 2012), *report and recommendation adopted*, No. 10-CV-1263, 2012 WL 3114593 (C.D. Ill. July 31, 2012); *see Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). The court has been sympathetic to Pope's ordeal as a victim of elder fraud, but when seeking relief, Pope is required to follow the court's directives and deadlines.

Accordingly, Pope's confusion as to what she needed to file does not qualify as excusable neglect or mistake under Rule 60(b)(1). *See Cracraft v. Utah Valley Univ.*, No. 2:19-CV-397-TC, 2021 WL 872290, at *5 (D. Utah Mar. 9, 2021), *aff'd*, No. 21-4031, 2021 WL 5500604 (10th Cir. Nov. 24, 2021) ("For instance, 'the kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against [. . . .]' Failure

5

to comply with procedural rules, even if inadvertent, does not qualify for reversal. Pro se litigants are not excused from the obligation to understand and comply with the procedural rules of the court."); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) ("[I]nadvertence by an attorney is not a basis for relief under Rule 60(b)(1).").

To further support her Rule 60(b)(1) motion, Pope asserts that she was not properly notified by electronic means of the March 3, 2025 ruling denying her motion for findings of fact and conclusions of law. As she states, she only became aware of the ruling upon returning to town on March 19, 2025. Whether or not Pope received proper notice on this ruling has no bearing on whether she had proper notice of the court's January 8 order requiring her to timely file objections or the court's February 19 judgement. She makes no claim that she lacked notice on either of those two latter rulings.

Pope also seeks relief under Rule 60(b)(6) because the judgment was "entered based on a misapprehension of the record." ECF No. 53 at 5. "Rule 60(b)(6) allows federal courts to relieve a party from a judgment for any reason—other than those in the five enumerated preceding categories—'that justifies relief.'" *Johnson v. Spencer*, 950 F.3d 680, 700 (10th Cir. 2020). The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case." *Id.* at 700–01. But the Tenth Circuit has also clarified that while "'the rule should be liberally construed when substantial justice will thus be served,' 'relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances.'" *Id.* at 701 (internal citations removed).

Pope has not met the burden of showing such exceptional circumstances. Her claim of an alleged misapprehension of the record is vague, and it is not clear if she argues that the alleged

misunderstanding of the record was her own misunderstanding or the court's. If she is contending the latter, as seems to be suggested in her reply brief, the court now restates the events leading to judgment for clarity.

Pope argues in her reply that it was the October 2024 report and recommendation that "inadvertently ordered" Pope to file objections to the December 2023 report and recommendation. ECF No. 56 at 3. But nowhere in the October 2024 report and recommendation does Judge Pead order or even suggest that Pope had to subsequently file an objection to the December 2023 report and recommendation. The October 2024 report and recommendation only states that Pope had failed to file objections to the December 2023 report and recommendation within the allotted time period; it did not invite her to correct that failure. Thus, Pope's subsequent objections to the December 2023 report and recommendation were filed improperly. Those objections should have been to the October 2024 report and recommendation. This court, later, would indeed allow Pope to *properly* file objections to the December 2023 report and recommendation. But when she newly had leave to file them, she did not do so. In sum, it was Pope's failure to timely file her objections that led to the court's dismissal with prejudice, rather than any misunderstanding of the court. Pope has failed to show any exceptional circumstance justifying her Rule 60(b)(6) motion.

Finally, Pope additionally argues that her filings "raise legitimate factual and legal arguments" and her Amended Complaint corrects prior errors. The court need not weigh in on these claims, as the filing of her Amended Complaint does not cure her failure to timely file objections to the December 2023 report and recommendation. She also alleges that bias by Judge Pead impacted his recommendation. The court finds no basis to support any such accusation and flatly rejects it.

## CONCLUSION

For the reasons above, Plaintiff's motion to reopen is DENIED.


Signed October 29, 2025.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge